UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DYLAN GRIFFIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 3:17-CV-683 JD ) |
| DEPUTY MILLER, | ) ) |
| Defendant. | ) ) |

OPINION AND ORDER

Dylan Griffin, a *pro se* prisoner, filed a complaint alleging that a St. Joseph County Jail correctional officer took his eyeglasses. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

According to the complaint, Griffin is an inmate at St. Joseph County Jail. On July 26, 2017, Deputy Miller took his prescription eyeglasses because the frames were broken and held together only by tape. Deputy Miller refused to return the eyeglasses and stated, "I don't care if you can't see,

1

you can't have your glasses." ECF 1 at 3. Without them, Griffin has suffered seizures and headaches. He sues Deputy Miller for injunctive relief - he seeks the return of his eyeglasses.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjecting component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Here, it is conceivable that Griffin's need for prescription eyeglasses could constitute a serious medical need. *Franklin v. McCaughtry*, 110 Fed. Appx. 715 (7th Cir. 2004). He claims that he is unable to see without them. In addition, he has suffered headaches and seizures as a result of not having them. Moreover, based on the allegations, it is plausible that Deputy Miller was deliberately indifferent to that need. Instead of attempting to repair or replace the glasses, or investigate Griffin's need for prescription eyeglasses, Deputy Miller simply told Griffin that he could not have them. Based on these allegations, Deputy Miller disregarded Griffin's serious medical need.

For these reasons, the court:

(1) **GRANTS** Dylan Griffin leave to proceed on his Eighth Amendment claim against Deputy Miller for injunctive relief in connection with being provided prescription eyeglasses;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk and the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to issue and serve process on Deputy Miller; and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Deputy Miller respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: November 2, 2017

    /s/ JON E. DEGUILIO
Judge
United States District Court